**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. _____

WILDEARTH GUARDIANS,

        Plaintiff,

v.

LISA JACKSON, in her official capacity as
Administrator, United States Environmental Protection Agency,

        Defendant.

---

**COMPLAINT**

---

**INTRODUCTION**

    1.    This is a straightforward, Clean Air Act deadline suit. 42 U.S.C. §§ 7401-7671q. Plaintiff, WildEarth Guardians ("Guardians") filed a petition (the "Petition") with Defendant, Lisa Jackson, the Administrator of the U.S. Environmental Protection Agency ("EPA") over four months ago. See 42 U.S.C. § 7661d(b)(2) (authorizing such petitions). Guardians' Petition asked the Administrator to object to an air pollution permit (the "Permit") issued by the Colorado Department of Public Health and Environment, Air Pollution Control Division ("APCD") to the Public Service Company of Colorado doing business as Xcel Energy to operate the Hayden coal-fired power plant in Routt County, Colorado. The Clean Air Act expressly requires that the Administrator "shall grant or deny such petition within 60 days." 42 U.S.C. § 7661d(b)(2). Although more than 60 days have passed, the Administrator has not acted on Guardians' Petition and is in violation of her mandatory and nondiscretionary duty under the Clean Air Act (the

"Act" or "CAA"). Guardians seeks an order compelling the Administrator to obey the CAA and grant or deny its Petition. Guardians also seeks a declaration that the Administrator is in violation of the Act.

## JURISDICTION, VENUE, AND NOTICE

2. This Court has subject matter jurisdiction over the claim in this Complaint pursuant to the citizen suit provision of the Clean Air Act, because the Administrator has failed to perform a non-discretionary act or duty under the CAA. 42 U.S.C. § 7604(a)(2) (citizen suit provision of the CAA). This Court has federal question jurisdiction, because Guardians claims a violation of the Clean Air Act, a federal statute. 28 U.S.C. § 1331 (federal question jurisdiction). The requested relief is authorized by statute. 28 U.S.C. § 2201 (declaratory judgment); 28 U.S.C. § 2202 (injunctive relief); and 42 U.S.C. § 7604(d) (costs and attorney fees).

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(e) because a substantial part of the events and omissions giving rise to Guardians' claim occurred in the District of Colorado. Guardians' Petition concerns a permit issued by an administrative agency of the State of Colorado regulating air pollution from the Hayden power plant in Routt County, Colorado. The EPA Regional Office in Denver is responsible for reviewing permits from the State of Colorado and will play a primary role in granting or denying Guardians' Petition.

4. Guardians properly gave the Administrator notice of the violation alleged in this Complaint and of Guardians' intent to bring suit to remedy that violation. See 42 U.S.C. § 7604(b)(2) and 40 C.F.R. §§ 54.2 and 54.3. The Administrator received Guardians' Petition on March 13, 2009. When the Administrator failed to respond within 60 days, on May 15, 2009, Guardians provided the Administrator with written notice of the claim alleged in this Complaint and of its intent to sue. More than 60 days have passed since the Administrator received

Guardians' notice letter. The Administrator has not remedied the violations alleged in Guardians' notice letter and this Complaint by granting or denying Guardians' Petition.

## PARTIES

5. Plaintiff WILDEARTH GUARDIANS is a non-profit conservation organization with a major office in Denver, Colorado. Guardians is dedicated to protecting and restoring wildlife, wild rivers, and wild places in the American West, and to safeguarding the Earth's climate and air quality. WildEarth Guardians and its members work to reduce harmful air pollution in order to safeguard public health, welfare, and the environment. Guardians has approximately 10,000 members and supporters, many of whom live and recreate in Colorado.

6. Guardians is a "person" within the meaning of 42 U.S.C. § 7602(e). As such, Guardians may commence a civil action under 42 U.S.C. § 7604(a).

7. Guardians' members live, raise their families, work, recreate, and conduct educational, research, advocacy, and other activities in and around the Hayden coal-fired power plant and the areas impacted by the facility's air pollution. As a part of its efforts, Guardians regularly participates in the pubic permitting process for facilities that emit air pollution. Guardians spends money and time on these processes with the aim of ensuring that permits, such as that issued to the Hayden power plant, protect and improve air quality, as well as comply with relevant laws and regulations. Guardians and its members also have a substantial interest in ensuring that EPA complies with federal law, including the requirements of the CAA. During the permitting process for the Hayden power plant, Guardians provided comments critical of the Permit's terms and limits and subsequently petitioned the Administrator to object to the issuance of the Permit. The Administrator's unlawful withholding of a decision on Guardians' Petition harms Guardians and its members. The CAA gives Guardians a procedural right to a timely

decision on its Petition.  This interest, as well as Guardian's organizational interest in participating in and influencing the permitting process are injured by the Administrator's failure to respond to Guardians' Petition.  Guardians' and its members' interests have been, are being, and will continue to be, irreparably harmed by EPA's failure to act on Guardians' petition for an objection to Hayden's Permit.

8. Because the Administrator has not responded to Guardians' Petition, the organization's members and volunteers cannot be certain that Hayden's Permit conforms to the requirements of the CAA.  The Administrator's failure to respond thus prevents Guardians' members and volunteers from being certain that Hayden's Permit protects them from exposure to pollutants emitted by that facility to the extent required by law.  The Administrator's unlawful withholding of a decision on Guardians' Petition harms Guardians and its members by allowing the Hayden power plant to release more pollution.  The Permit allows the Hayden power plant to release pollutants that degrade the air environment, economy, and scenery used by Guardians' members.  These pollutants harm the economic, health, aesthetic, recreational, procedural, and organizational interests of Guardians and its members.

9. The Administrator's unlawful withholding of action on Guardians' Petition prevents Guardians from challenging an unfavorable EPA decision or from benefiting from a favorable decision on the Petition.  EPA's decision on the Petition, if favorable, is likely to result in changes to the Permit that would reduce pollution from the facility.  An unfavorable decision on the Petition would allow Guardians to bring a challenge to EPA's decision.  A favorable decision on the Petition or a successful challenge to an adverse decision would likely result in a reduction in the level of pollution the facility's Permit would allow and a consequent reduction in the harm to Guardians and its members.  The CAA violations alleged in this Complaint have

injured and continue to injure the interests of Guardians and its members. Granting the relief requested in this lawsuit would redress these injuries by compelling EPA action that Congress determined to be an integral part of the regulatory scheme for protecting human health from the effects of unregulated air pollution.

10. Defendant LISA JACKSON is the Administrator of the EPA. The Administrator is responsible for implementing the CAA, including the requirement to grant or deny Guardians' petition within 60 days. Ms. Jackson is sued in her official capacity.

## REQUIREMENTS OF THE CLEAN AIR ACT

11. The Clean Air Act ("CAA") aims "to protect and enhance the quality of the Nation's air resources." 42 U.S.C. § 7401(b)(1). To help meet this goal, the 1990 amendments to the CAA created the Title V permit program—an operating permit program that applies to all major sources of air pollution. See 42 U.S.C. §§ 7661-7661f.

12. A primary purpose of the Title V permitting program is to reduce violations of the CAA and improve enforcement by recording in a single document all of the air pollution control requirements that apply to a major source of air pollution. See New York Public Interest Research Group v. Whitman, 321 F.3d 316, 320 (2nd Cir.2003). Major sources of air pollution cannot legally discharge pollutants into the air unless they have a valid Title V operating permit. See 42 U.S.C. § 7661a(a).

13. The CAA provides that the EPA Administrator may approve state programs to administer the Title V permitting program with respect to sources within their borders. See 42 U.S.C. § 7661a(d). The Administrator has approved Colorado's administration of its Title V permit program. See 65 Fed. Reg. 49,919 (Aug. 16, 2000). The Colorado Department of Public Health and Environment, Air Pollution Control Division ("APCD") is responsible for issuing


Title V permits in Colorado.

14. Before a state with an approved Title V permit program can issue a Title V permit, the State must forward the proposed Title V permit to EPA. See 42 U.S.C. § 7661d(a)(1)(B). EPA then has 45 days to review the proposed permit. EPA must object to the issuance of the permit if EPA finds that the permit does not comply with all applicable provisions of the CAA. See 42 U.S.C. § 7661d(b)(1).

15. After EPA's 45-day review period expires, "any person may petition the Administrator within 60 days" to object to the proposed permit. 42 U.S.C. § 7661d(b)(2).

16. Once EPA receives such a petition, the CAA requires that "[t]he Administrator shall grant or deny such petition within 60 days after the petition is filed. 42 U.S.C. § 7661d(b)(2).

17. If the Administrator objects to a permit, the permit must be changed. 42 U.S.C. § 7661d(b)(3).

## FACTUAL ALLEGATIONS

18. The Hayden coal-fired power plant is a major stationary source of air pollution located near Hayden, Colorado. The facility consists of two coal-fired boilers that generate steam to produce electricity.

19. According to the Technical Review Document for the Title V permit, the Hayden facility annually releases 7,773.5 tons of nitrogen oxide ("NOx"), 55 tons of volatile organic compounds ("VOCs"), 222.73 tons of particulate matter less than 10 microns in diameter ("$PM_{10}$"), and nearly 4,300,000 tons of carbon dioxide ("$CO_2$"). The Hayden facility also annually releases other air pollutants including carbon monoxide ("CO"), hydrochloric acid ("HCl"), and mercury ("Hg").

20. The Colorado Department of Public Health and Environment APCD submitted the proposed Title V permit for the Hayden coal-fired power plant to EPA on December 9, 2008. The EPA's 45-day review period for the permit ended on January 23, 2009. EPA did not raise any objections to the permit.

21. On March 10, 2009, Guardians filed a petition requesting that the Administrator object to the issuance of the Title V permit for the Hayden coal-fired power plant on the bases that the Title V permit (1) failed to ensure compliance with particulate matter limits, and (2) failed to ensure compliance with Prevention of Significant Deterioration requirements with regard to $CO_2$ emissions. EPA received Guardians' Petition on March 13, 2009.

22. Guardians' petition was timely filed within 60 days following the conclusion of EPA's review period and failure to raise objections in accordance with section 505(b)(2) of the CAA.

23. Guardians' petition was based on objections to the permit related to compliance with particulate matter limits and Prevention of Significant Deterioration requirements that were raised with reasonable specificity during the public comment period for the draft permit. Guardians submitted comments on the draft Title V permit on November 6, 2008.

**CLAIM FOR RELIEF**

**Failure to Grant or Deny Guardians' Petition**

24. Every allegation set forth in this Complaint is incorporated herein by reference.

25. The Administrator has a mandatory duty to grant or deny Guardians' Petition within 60 days after Guardians filed the Petition. 42 U.S.C. § 7661d(b)(2).

26. It has been more than 60 days since the Administrator received Guardians' Petition requesting that EPA object to the Hayden Title V permit.

27.   As of the date of the filing of this Complaint, EPA has not granted or denied Guardians' Petition.

28.   Accordingly, EPA has violated and continues to violate the CAA, 42 U.S.C. § 7661d(b)(2).

29.   This CAA violation constitutes a "failure of the Administrator to perform any act or duty under this chapter which is not discretionary with the Administrator" within the meaning of the CAA's citizen suit provision.  42 U.S.C. § 7604(a)(2).  EPA's violation is ongoing, and will continue unless remedied by this Court.

**REQUEST FOR RELIEF**

WHEREFORE, the Plaintiff WildEarth Guardians requests that this Court enter judgment providing the following relief:

A.   A declaration that EPA has violated the CAA by failing to grant or deny Guardians' Petition requesting that EPA object to the Hayden Title V permit;

B.   An order compelling EPA to grant or deny Guardians' Petition for an objection to the Hayden Title V permit in accordance with an expeditious schedule prescribed by the Court and to publish in the Federal Register notice of granting or denying Guardians' Petition within ten working days of EPA's decision;

C.   An order retaining jurisdiction over this matter until such time as EPA has complied with its non-discretionary duties under the CAA;

D.   An order awarding Guardians its costs of litigation, including reasonable attorney's fees; and

E.   Such other and further relief as the Court deems just and proper.

Respectfully submitted this 19th day of August 2009.

                                                    s/ James J. Tutchton
WildEarth Guardians
1536 Wynkoop St., Suite 301
Denver, CO  80202
Tel: (720) 301-3843
jtutchton@wildearthguardians.org

*Of Counsel*
Samantha Ruscavage Barz
17 Orno Creek Road
Placitas, NM 87043
Tel: (505) 750-1598
Samantha.RuscavageBarz@gmail.com

*Attorneys for Plaintiff WildEarth Guardians*

9