IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 09-cv-01964-MSK-MEH

WILDEARTH GUARDIANS,

        Plaintiff,

   v.

LISA JACKSON, in her official capacity as
Administrator, United States Environmental
Protection Agency,

        Defendant.

_____

CONSENT DECREE
_____

        This Consent Decree ("Consent Decree") is entered into by Plaintiff WildEarth Guardians ("Plaintiff" or "WildEarth") and by Defendant Lisa Jackson, Administrator of the United States Environmental Protection Agency ("Defendant" or "EPA").

        WHEREAS, Plaintiff filed this action pursuant to section 304(a)(2) of the Clean Air Act ("CAA") 42 U.S.C. § 7604(a)(2), alleging that Defendant Lisa Jackson, Administrator of the United States Environmental Protection Agency, failed to perform a duty mandated by CAA section 505(b)(2), 42 U.S.C. § 7661d(b)(2), to grant or deny, within 60 days, an administrative petition ("Petition") submitted by Plaintiff. The Petition requested that EPA object to a Title V Operating Permit issued by the Colorado Department of Public Health and Environment, Air Pollution Division, to the Public Service Company of Colorado to operate the Hayden Station power plant near Hayden, Colorado ("Permit");

WHEREAS, Plaintiff and EPA (collectively, the "Parties") wish to effectuate a settlement of the above-captioned case without expensive and protracted litigation, and without a litigated resolution of any issue of law or fact;

WHEREAS, the parties consider this Consent Decree to be an adequate and equitable resolution of the claims in the above-captioned case and consent to entry of this Consent Decree; and

WHEREAS, the Court, by entering this Consent Decree, finds that this Consent Decree is fair, reasonable, in the public interest, and consistent with the CAA, 42 U.S.C. §§ 7401 *et seq*.

NOW, THEREFORE, before the taking of testimony, without trial or determination of any issue of fact or law, and upon the consent of the Parties, it is hereby ORDERED, ADJUDGED, and DECREED, that:

1. This Court has subject matter jurisdiction over the claims set forth in the Complaint related to Plaintiff's Petition on the Permit and to order the relief contained in this Consent Decree. Venue is proper in the United States District Court for the District of Colorado.

2. By March 25, 2010, or within 20 days of the entry date of this Consent Decree, whichever date is later, EPA shall sign its response to the Petition. Within 15 business days following signature of such response, EPA shall deliver notice of such action on the Petition to the Office of the Federal Register for prompt publication.

3. The United States agrees to pay Plaintiff as full settlement of all claims for attorneys' fees, costs, and expenses incurred, under any authority, the sum of $3,520.00 as soon as reasonably practicable following entry of this Consent Decree, by electronic funds transfer to a bank account identified by Plaintiff. Plaintiff agrees to accept $3,520.00 in full satisfaction of

any and all claims for costs and attorneys' fees with respect to the case, except that Plaintiff reserves the right to seek fees for enforcement of the Consent Decree in the future.  EPA does not concede that Plaintiff will be entitled to fees for any efforts by Plaintiff to enforce the Consent Decree in the future, and EPA reserves all defenses with respect to such enforcement efforts and any related fee claim.  The fees under this Paragraph shall have no precedential value in any future fee claim.

4.  Any provision of this Consent Decree may be modified by (a) written stipulation of the Parties with notice to the Court, or (b) by the Court following motion of any Party to this Consent Decree, pursuant to the Federal Rules of Civil Procedure, and upon consideration of any response by the non-moving Party.

5.  Plaintiff and EPA shall not challenge the terms of this Consent Decree of this Court's jurisdiction to enter and enforce this Consent Decree.

6.  Nothing in this Consent Decree shall be construed to limit or modify any discretion accorded EPA by the CAA or by general principles of administrative law in taking the actions which are the subject of this Consent Decree, including the discretion to alter, amend, or revise any responses or final actions contemplated by this Consent Decree.  EPA's obligation to perform the actions specified by Paragraph 2 by the time specified therein does not constitute a limitation or modification of EPA's discretion within the meaning of this paragraph.

7.  Nothing in this Consent Decree shall be construed as an admission of any issue of fact or law nor to waive or limit any claim or defense, on any grounds, related to any final action EPA may take with respect to the Title V Operating Permit for the Hayden Station.

8.  Nothing in this Consent Decree shall be construed to confer upon the district

court

jurisdiction to review any final decision made by EPA pursuant to this Consent Decree. Nothing in this Consent Decree shall be construed to confer upon the district court jurisdiction to review any issues that are within the exclusive jurisdiction of the United States Court of Appeals pursuant to CAA section 30799(b)(1) and 505, 42 U.S.C. §§ 7607(b)(1), 7661d. Nothing in this Consent Decree shall be construed to waive any remedies or defenses the Parties may have under CAA section 307(b)(1), 42 U.S.C. § 7607(b)(1).

9. The Parties recognize and acknowledge that the obligations imposed upon EPA under this Consent Decree can only be undertaken using appropriated funds legally available for such purpose. No Provision of this Consent Decree shall be interpreted as or constitute a commitment or requirement that the United States obligate or pay funds in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable provision of law.

10. Any notices required or provided for by this Consent Decree shall be made in writing, via facsimile or other means, and sent to the following:

For Plaintiff:
JAMES J. TUTCHTON, Esq.
WildEarth Guardians
1536 Wynkoop Street, Suite 301
Denver, CO 80202
(720) 301- 3843
jtutchton@wildearthguardians.org

For Defendant:

DANIEL PINKSTON
Environmental Defense Section
Environmental and Natural Resources Division
U.S. Department of Justice
1961 Stout Street, 8th Floor
Denver, CO 80294

(303) 844-1804
daniel.pinkston@usdoj.gov

AMY H. BRANNING
Office of General Counsel
U.S. EPA
Mail Code 2344A
Ariel Rios Building
1200 Pennsylvania Avenue, N.W.
Washington, D.C. 20460
(202) 564-1744
branning.amy@epa.gov

JONAH STALLER
Office Regional Counsel
USEPA Region 8
1595 Wynkoop Street
Mail code: 8RC
Denver, CO 80202-1129
(303) 312-6855
staller.jonah@epa.gov

11. In the event of a dispute among the Parties concerning the interpretation or implementation of any aspect of this Consent Decree, the disputing Party shall provide the other Party with a written notice outlining the nature of the dispute and requesting informal negotiations. If the Parties cannot reach an agreed-upon resolution within ten business days after receipt of the notice, any Party may move the Court to resolve the dispute.

12. No motion or other proceeding seeking to enforce this Consent Decree or for contempt of court shall be properly filed unless Plaintiff has followed the procedure set forth in Paragraph 11, and provided EPA with written notive received at least ten business days before the filing of such motion or proceeding.

13. The Court shall retain jurisdiction to determine and effectuate compliance with this Consent Decree, to rule upon any motions filed in accordance with Paragraph 4 of this

Consent Decree, and to resolve any disputes in accordance with Paragraph 11 of this Consent Decree. When EPA's obligations under Paragraphs 2 and 3 have been completed, this case shall be terminated and the case dismissed with prejudice. The Parties may either jointly notify the Court by motion, and Plaintiff shall have twenty days in which to respond to such motion.

14.  The Parties agree and acknowledge that before this Consent Decree can be finalized and entered by the Court, EPA must provide notice in the Federal Register and an opportunity for comment pursuant to CAA section 133(g), 42 U.S.C. § 7413(g).  EPA will promptly submit a public notice of this Consent Decree to the Federal Register for publication and public comment after lodging this Consent Decree with the Court. After this Consent Decree has undergone an opportunity for notice and comment, EPA's Administrator and the Attorney General, as appropriate, will promptly consider any such written comments in determining whether to withdraw or withhold consent to this Consent Decree, in accordance with section 113(g) of the Clean Air Act.  If the Administrator or the Attorney General elects not to withdraw or withhold consent to this Consent Decree, the Parties will promptly file a motion that requests the Court to enter this Consent Decree.

15.  It is hereby expressly understood and agreed that this Consent Decree was jointly drafted by Plaintiff and EPA and that any and all rules of construction to the effect that ambiguity is construed against the drafting party shall be inapplicable in any dispute concerning the terms, meaning, or interpretation of this Consent Decree.

16.  The undersigned representatives of each Party certify that they are fully authorized by the Party they represent to bind that Party to the terms of this Consent Decree.

IT IS THEREFORE ORDERED that the Clerk shall close this case subject to reopening

upon the request from either party.

DATED this 22nd day of March, 2010.

**BY THE COURT:**

_____

Marcia S. Krieger
United States District Judge

SO AGREED:

FOR PLAINTIFF:

/s/ James J. Tutchton
JAMES J. TUTCHTON, Esq.
WildEarth Guardians
1536 Wynkoop Street, Suite 301
Denver, CO 80202
(720) 301-3843
jtutchton@wildearthguardians.org

DATED: December 30, 2009

FOR DEFENDANT:

IGNACIA S. MORENO
Assistant Attorney General
Environmental and Natural Resources Division

By: /s/ Daniel Pinkston
DANIEL PINKSTON
Environmental Defense Section
Environment and Natural Resources Division
U.S. Department of Justice
1961 Stout Street, 8th Floor
Denver, CO 80294
(303) 844-1804
daniel.pinkston@usdoj.gov

DATED: December 30, 2009

DAVID M. GAOUETTE
United States Attorney
STEPHEN TAYLOR
Assistant United States Attorney
District of Colorado
1225 Seventeenth Street, Suite 700
Denver, CO 80202
(303) 454-0100
stephen.taylor@usdoj.gov

Of Counsel for Defendant:

AMY H. BRANNING
Office of General Counsel
U.S. EPA
Mail Code 2344A
Ariel Rios Building
1200 Pennsylvania Avenue, N.W.
Washington, D.C. 20460
(202) 564-1744

JONAH STALLER
Office of Regional Counsel
USEPA Region 8
1595 Wynkoop Street
Mail Code: 8RC
Denver, CO 80202-1129
(303) 312-6855